**In the Matter of a Member of the Bar of the Supreme Court of Delaware: Stephan J. HOLFELD, Respondent.**

**No. 32, 2013.**

Supreme Court of Delaware.

Submitted: March 13, 2013.
Decided: March 19, 2013.

**28.** *Id.* at *3.

Patricia Bartley Schwartz, Esquire, Office of Disciplinary Counsel, Wilmington, Delaware.

Glynis Gibson, Esquire, Dover, Delaware, for respondent.

Before HOLLAND, BERGER and JACOBS, Justices.

PER CURIAM:

The Office of Disciplinary Counsel ("ODC") commenced an attorney disciplinary proceeding against Stephan J. Holfeld, Esquire ("Holfeld"). Holfeld was found to have violated Delaware Lawyers' Rules of Disciplinary Procedure ("Procedural Rule") 7(c) and Delaware Lawyers' Rules of Professional Conduct ("Conduct Rule") 8.4(d), by failing to file timely pre-certifications with his 2011 and 2012 Supreme Court Certificates of Compliance as required under the conditions of a private admonition.

We have determined that the appropriate sanction is a public reprimand with conditions, as recommended by the Board on Professional Responsibility (the "Board").

### Prior Proceedings

Holfeld was admitted to the Delaware Bar in December, 1985. At all times relevant to this proceeding, he practiced in the office of Holfeld & Becker, in Camden, Delaware. In April, 2010, Holfeld discovered that a long-time employee in his office had been embezzling money from his law firm's operating account and client escrow accounts. Holfeld self-reported the theft to the ODC and the authorities, and fully cooperated with the investigation. He also promptly repaid the stolen client funds and notified his clients about the theft.

After the ODC investigation into this incident, Holfeld accepted a private admonition with conditions. That was Holfeld's fourth private admonition, having previously received three private admonitions for other unrelated infractions since his 1985 admission. One condition of Holfeld's most recent private admonition was that he complete pre-certifications with his Supreme Court Certificates of Compliance for 2011 and 2012. Specifically:

> You shall have completed a pre-certification by a licensed certified public accountant for your 2011 and 2012 Certificate of Compliance, reporting the status of your compliance or lack thereof with the recordkeeping requirements of Rule 1.15 and Rule 1.15A.

Holfeld agreed to this condition. He was also advised that "failure to satisfy these conditions may result in reconsideration of this matter and prosecution of formal charges before the Board."

### Present Proceedings

Holfeld failed to file an accompanying pre-certification with his 2011 Certificate of Compliance. He testified to the Board that he had been confused by the professional rules that referred to an "audit," whereas his private admonition had re-

ferred to a "pre-certification." Holfeld testified that as a result of his confusion, he mistakenly believed that his pre-certification audit was supposed to track his tax year (and thus be due on April 15th), and not his Certificate of Compliance (that was due on March 1st). The ODC eventually audited Holfeld's 2011 books and records and discovered no irregularities.

On April 2, 2012, Holfeld filed his 2012 Certificate of Compliance. Once again, the Certificate failed to include a pre-certification. Holfeld had previously hired a certified public accounting firm, Chandler & Associates, to provide a 2012 pre-certification.

He testified a later communication breakdown resulted in the accounting firm failing to perform the pre-certification audit in a timely manner. The accounting firm later performed the audit, which again revealed no deficiencies in the books and records of Holfeld's law firm.

### Procedural Background

On October 3, 2012, the ODC filed a Petition for Discipline against Holfeld, alleging violations of Procedural Rule 7(c) and Conduct Rule 8.4(d), for failing to file timely pre-certifications with his 2011 and 2012 Certificates of Compliance. Procedural Rule 7(c) provides that "[i]t shall be grounds for disciplinary action for a lawyer to violate the terms of any conditional diversion or private or public disciplinary or disability disposition." Conduct Rule 8.4(d) provides that "[i]t is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice."

A hearing before the Board was held on November 15, 2012. At the hearing, Holfeld claimed that: first, he was confused about when the pre-certification needed to be filed, whether with his Certificate of Compliance (on March 1st) or by the annual tax deadline (on April 15th); second, that he did not "intentionally" violate either Procedural Rule 7(c) or Conduct Rule 8.4(d); and, third, that his behavior caused no harm, because both the 2011 and 2012 pre-certifications revealed no irregularities in his law firm's books and records.

### Board's Decision

The Board rejected Holfeld's explanations, found a "clear and knowing" violation of Procedural Rule 7(c), and found that the ODC has proven by clear and convincing evidence a violation of Conduct Rule 8.4(d).[1] The Board also considered Holfeld's aggravating and mitigating factors, including the fact that this was his fifth disciplinary action since his 1985 admission to the Delaware Bar.

In support of its decision, the Board relied upon *In re Wilson*[2] and *In re Martin*.[3] In those cases, the offending attorneys were held to have violated Procedural Rule 7(c) and Conduct Rule 8.4(d), and received public reprimands for failing to abide by the conditions set forth in their earlier private admonitions.[4] Relying on those cases, the Board recommended that the following sanctions be imposed on Holfeld:

1. A public reprimand;

2. An obligation to provide pre-certifications with his Certificates of Compliance for years 2013 and 2014;

1. *In re Tenenbaum*, 918 A.2d 1109, 1113 (Del. 2007).

2. *In re Wilson*, 886 A.2d 1279 (Del. Nov. 9, 2005) (table).

3. *In re Martin*, 35 A.3d 419 (Del. June 22, 2011) (table).

4. *Id.; In re Wilson*, 886 A.2d 1279.

3. Attendance at a law office management continuing legal education course; and

4. Restitution for the cost of the ODC's investigation, including the cost of the 2011 audit by the Lawyer's Fund for Client Protection.

Holfeld objected to some, but not all, of the Board's recommendations.

### Standard of Review

This Court has the "inherent and exclusive authority to discipline members of the Delaware Bar."[5] Although Board recommendations are helpful, we are not bound by those recommendations.[6] This Court reviews the record independently and determines whether there is substantial evidence to support the Board's factual findings, and reviews the Board's conclusions of law *de novo.*[7]

### Public Reprimand With Conditions

Holfeld objects to only two of the Board's recommendations, specifically: the public reprimand, and the obligation to provide a pre-certification with his 2014 Certificate of Compliance. Holfeld admits that "[t]he facts in this case are not disputed," and that he "did not timely file the pre-certifications" for 2011 and 2012. Nevertheless, Holfeld argues that he should not be publicly reprimanded, because: none of his clients were harmed, unlike clients in *In re Wilson* and *In re Martin;* the 2011 and 2012 pre-certifications revealed no irregularities with his books and records; and he "made a mistake."

The Board recommends a public reprimand with conditions as the appropriate

sanction. We have made an independent review of the record. The Board's factual findings are supported by the record and we approve the recommended sanction.

Holfeld had an obligation to comply strictly with the conditions imposed upon him with his earlier private admonition. The absence of any injury to his clients and the fact that his 2011 and 2012 pre-certifications did not uncover any irregularities does not excuse his misconduct. Holfeld's disciplinary record of four successive private admonitions, followed by repeated ethical violations, demonstrates that a more severe sanction is necessary. *In re Wilson*[8] and *In re Martin*[9] both support an imposition of a public reprimand with conditions.

### Conclusion

It is hereby ordered that the following sanctions be imposed upon Holfeld:

1. A public reprimand;

2. An obligation to provide pre-certifications with his Certificates of Compliance for years 2013 and 2014;

3. Attendance at a law office management continuing legal education course; and

4. Restitution for the cost of the ODC's investigation, including the cost of the 2011 audit by the Lawyer's Fund for Client Protection.

The Clerk is directed to distribute this opinion.

---

**5.** *In re Martin,* 35 A.3d 419, 2011 WL 2473325, at *3 (citation omitted).

**6.** *Id.*

**7.** *Id.*

**8.** *In re Wilson,* 886 A.2d 1279 (Del. Nov. 9, 2005) (table).

**9.** *In re Martin,* 35 A.3d 419 (Del. June 22, 2011) (table).