# IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF A MEMBER §
OF THE BAR OF THE SUPREME §   No. 253, 2016
COURT OF THE STATE OF §
DELAWARE: §   Board on Prof. Responsibility
§   Case No. 112456-B
**JAMES J. WOODS, JR.,** §
§
Respondent. §

Submitted: July 13, 2016
Decided: July 13, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

Upon Review of the Report of the Board on Professional Responsibility, **PUBLIC REPRIMAND AND PROBATION**.

Matthew F. Boyer, Esquire, Connolly Gallagher LLP, Wilmington, Delaware, Attorney for Respondent.

Jennifer-Kate Aaronson, Esquire, Patricia Bartley Schwartz, Esquire, Wilmington, Delaware, Attorneys for the Office of Disciplinary Counsel.

*PER CURIAM*:

On October 7, 2015, this Court suspended the Respondent, James J. Woods, Jr. ("Respondent"), from the practice of law, pending the disposition of disciplinary proceedings before the Board on Professional Responsibility ("Board"). The Board has filed a Report on this matter pursuant to Rule 9(d) of the Delaware Lawyers' Rules of Disciplinary Procedure. The Board recommends that Respondent be publicly reprimanded, reinstated to practice law, and placed on probation for three years with conditions. The Office of Disciplinary Counsel ("ODC") filed one objection to the Report. ODC does not object to the reinstatement and sanctions recommended by the Board, but does challenge the Board's determination that ODC did not prove one of the alleged ethical violations asserted in the Petition for Discipline. Respondent, through counsel, filed no objections.

We have concluded that ODC's objection is meritorious. We have also determined that, even with that additional violation, reinstatement and the same sanctions recommended by the Board are appropriate.

### *Petition for Discipline*

The Petition alleged five counts of professional misconduct.

*Count I: Delaware Lawyers' Rules of Disciplinary Procedure 7(c)*

ODC alleged that Respondent committed professional misconduct by violating Delaware Lawyers' Rules of Disciplinary Procedure Rule 7(c), which states that it shall be grounds for discipline for a lawyer to "[v]iolate the terms of

2

any private or public disciplinary or disability disposition." The terms of Respondent's private probation (to which he consented) unambiguously required Respondent to provide a pre-certification by a licensed certified public accountant for his 2014 and 2015 Certificates of Compliance. Respondent admitted that he failed to comply with this condition of his private probation and stated that he "stipulate[s] to the violation of [Procedural Rule] 7(c) as alleged in Count I of the Petition." Accordingly, the Board found that Respondent violated Procedural Rule 7(c).

*Count II: Delaware Lawyers' Rules of Professional Conduct 1.15(d)*

ODC alleged that Respondent committed professional misconduct in violation of Conduct Rule 1.15(d) by failing to properly maintain his firm's books and records in 2013. Respondent admitted that he did not fully comply with the relevant books and records requirements as alleged in Count II. Accordingly, the Board found that Respondent violated Conduct Rule 1.15(d).

*Count III: Delaware Lawyers' Rules of Professional Conduct 8.4(c).*

ODC alleged that Respondent committed professional misconduct in violation of Conduct Rule 8.4(c) by filing with the Supreme Court Certificates of Compliance in 2014 and 2015, each of which contained misrepresentations to the Court relating to Respondent's maintenance of his law office books and records. Respondent testified that he believed at the time that his representations were accurate, but

3

admitted that his Certificates of Compliance contained statements that he later learned, after discussions with accountants, were not accurate and admitted that this violates Conduct Rule 8.4(c). Accordingly, the Board found that Respondent violated Conduct Rule 8.4(c).

*Count IV: Delaware Lawyers' Rules of Professional Conduct 8.4(d), With Respect to Certificates of Compliance*

ODC alleged that the same conduct underlying Count III (making misrepresentations in Certificates of Compliance) also establishes a violation of Conduct Rule 8.4(d), which provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice."

Respondent admitted that he filed Certificates of Compliance that contained misrepresentations, but contended that those misrepresentations were merely negligent, and argued that his conduct violating Conduct Rule 8.4(c) does not warrant a "duplicative" finding of a violation of Conduct Rule 8.4(d). The Board, quoting *In re Wilson*,[1] noted that "the [Court] relies upon representations made by attorneys in the Certificates filed with their annual statements each year in the administration of justice governing the practice of law in Delaware."[2] As such, the Board found that an attorney violates Conduct Rule 8.4(d) by filing inaccurate

---

[1] 2005 WL 3485738 (Del. Nov. 9, 2005).
[2] *Id.* at *9.

4

Certificates purporting to comply with other Rules of the Court.[3] Accordingly, the Board found that Respondent violated Conduct Rule 8.4(d) by filing Certificates of Compliance with the Supreme Court in 2014 and 2015 that contained misrepresentations.

*Count V: Delaware Lawyers' Rules of Professional Conduct 8.4(d), With Respect to Violating Terms of Private Probation*

ODC alleged that the same conduct underlying Count I (violation of the terms of a disciplinary disposition) also establishes a violation of Conduct Rule 8.4(d), which provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." Respondent admitted that he did not comply with the conditions of his private probation, but argued that this conduct did not warrant a "duplicative" finding of a violation of Conduct Rule 8.4(d) as "conduct prejudicial to the administration of justice." The Board's Report states: "It is clear and admitted that Respondent violated the terms of his private probation. However, the Board finds that ODC has not proven by clear and convincing evidence that Respondent's violation of the terms of his private probation was prejudicial to

---

[3] *Id.* (approving the Board's findings of violations of Conduct Rule 1.15A and Conduct Rule 8.4(d) for alleging compliance with Conduct Rule 1.15A).

the administration of justice, and therefore finds no violation of [Conduct] Rule 8.4(d) on this count."

### ODC's Objection

ODC contends that the Board erroneously concluded ODC failed to prove a violation of Conduct Rule 8.4(d) because there was not "any precedent in which a violation of the terms of a private probation was held also to violate [Conduct] Rule 8.4(d)." We agree. This Court has held that a lawyer engages in conduct prejudicial to the administration of justice in violation of Conduct Rule 8.4(d) when that lawyer fails to satisfy a condition of a disciplinary sanction.[4] Respondent's misconduct is identical to the misconduct in *In re Holfeld*, in that Respondent failed to comply with the pre-certification condition in his private probation.[5]

A private disciplinary sanction has the same force and effect as a formal order from this Court.[6] Failure to comply with the terms of a private disciplinary sanction violates Procedural Rule 7(c); failure to comply with the terms of a court order violates Conduct Rule 3.4(c). *Holfeld* is consistent with this Court's precedent of

---

[4] *In re Holfeld*, 74 A.3d 605, 607–08 (Del. 2013) (affirming the Board's finding that lawyer's failure to comply with a pre-certification condition in a private disciplinary sanction was prejudicial to the administration of justice in violation of Conduct Rule 8.4(d)).
[5] *Id.* at 607–08.
[6] *See* Del. Sup. Ct. R. 33(a)-(c); *In re Poliquin*, 49 A.3d 1115, 1139 (Del. 2012) (noting that the Court "has exclusive authority and wide latitude in determining disciplinary sanctions over lawyers.") (internal quotation marks omitted).

6

finding a lawyer engages in conduct prejudicial to the administration of justice when that lawyer violates a prior disciplinary order.[7]

### *Conclusion*

We hold that Respondent violated Conduct Rule 8.4(d) as alleged in Count V in the Petition for Discipline by clear and convincing evidence. We approve the Board's findings of Respondent's violation of Procedural Rule 7(c), and Conduct Rules 1.15(d), 8.4(c), and 8.4(d) as alleged in Counts I–IV in the Petition for Discipline.

We approve the Board's recommendation that Respondent be publicly reprimanded for violation of Delaware Lawyers' Rules of Disciplinary Procedure 7(c) and Rules of Professional Conduct 1.15, 8.4(c) and 8.4(d). We approve the Board's recommendation that Respondent's interim suspension be lifted immediately and that Respondent be reinstated to practice law with a three-year period of public probation, subject to the conditions set forth in the Board's Report attached to this Opinion.

---

[7] *See In re Feuerhake*, 89 A.3d 1058 (Del. 2014) (knowingly violating suspension order is prejudicial to the administration of justice); *see also In re Davis*, 43 A.3d 856 (Del. 2012) (same).

IN THE MATTER OF A MEMBER OF THE )
BAR OF THE SUPREME COURT OF )
DELAWARE: )  **CONFIDENTIAL**
 )
 )  **Board Case No. 112456-B**
 )
JAMES J. WOODS, JR., )
 )
            Respondent. )

## REPORT OF THE BOARD AND RECOMMENDATION OF SANCTION

       This is the Report and Recommendation of the Board on Professional Responsibility of the Supreme Court of the State of Delaware (the "Board") in the above-captioned matter. A hearing was held on February 23, 2016, in the New Castle County Courthouse, Courtroom 12D, 500 North King Street, Wilmington, Delaware. The Panel of the Board consisted of Gerald J. Hager, Esq., Barbara Beck and Robert S. Saunders, Esq. (Chair) (collectively, the "Panel"). The Office of Disciplinary Counsel ("ODC") was represented by Jennifer-Kate Aaronson, Esq. Respondent was represented by Matthew L. Boyer, Esq.

## I.    PROCEDURAL HISTORY

       ODC filed a Petition for Discipline with the Board on October 7, 2015. Also on October 7, 2015, the Court entered an Order immediately suspending Respondent from the practice of law pending the disposition of these proceedings. Respondent filed his Answer on October 27, 2015. A hearing was originally scheduled for December 10, 2015. However, Respondent requested, and ODC did not oppose, a

continuance to February 23, 2016, which the Panel Chair granted. At the hearing, ODC presented testimony from Respondent, in addition to Joint Exhibits 1-17, which were admitted without objection. Respondent submitted his own affidavit, which was admitted without objection as Joint Exhibit 18, and presented his own testimony. Respondent also submitted affidavits from Francis J. Jones, Jr., Esquire, Christopher Logullo, Esquire and Bruce G. Fay, D.M.D., which were admitted without objection as Joint Exhibits 19-21. At the request of the Panel Chair, on April 29, 2016, ODC supplemented the record with two additional pieces of correspondence between the parties, which were admitted without objection as Joint Exhibits 22 and 23.

## II. STATEMENT OF FACTS

Respondent was admitted to the bar of the Supreme Court of the State of Delaware in December 1981.[1] Respondent practiced with a major Delaware firm until the end of 2004, at which point he started him own firm.[2] At all times relevant to the Petition, Respondent practiced as a sole practitioner.[3] Respondent's practice consisted principally of real estate transactions and personal injury litigation.

In June 2012, the Lawyers' Fund for Client Protection ("LFCP") conducted a compliance audit of Respondent's firm's books and records for the six month period ending May 2012 (the "2012 Audit Report"). The 2012 Audit Report identified several deficiencies in Respondent's firm's books and records.[4] LFCP asked

---

[1] Petition ¶ 1; Answer ¶ 1; Transcript 38.

[2] Transcript 40.

[3] Petition ¶ 1; Answer ¶ 1.

[4] Petition ¶ 2; Answer ¶ 2.

2

Respondent to have an independent audit conducted of Respondent's firm's books and records for the six months ended November 30, 2012, with a report to LFCP by January 15, 2013. On January 16, 2013, Respondent requested an extension, which was granted. After the extended deadline, Respondent provided LFCP with a document that was not an independent audit report. LFCP referred the matter to ODC.[5]

At ODC's request, Master Sidlow Associates, P.A. ("Master Sidlow") audited Respondent's firm's books and records for the seven months ended January 31, 2013. The audit report identified deficiencies including 44 checks outstanding (in other words, checks that had been written on one of Respondent's accounts but had not been deposited by the payees) and one negative balance in a list of client funds.[6] At the hearing, Respondent explained that sometimes checks he issued to various parties at real estate closings were not deposited, and that sellers in real estate transactions often left the state and were difficult to contact, leading to outstanding checks.[7] Respondent further explained that checks issued were treated in the firm's accounting records as deducted on the date of issuance, whereas checks deposited were credited on the date of deposit. As a result, when real estate closings happened on the last Friday of the month and the checks received and issued at the closing were not deposited until the next business day, the client account would appear to have a negative balance at the end of the month.[8]

---

[5] Petition ¶ 8; Answer ¶ 8.

[6] Petition ¶ 9; Answer ¶ 9.

[7] Transcript 55-57; *see also* Transcript 108-113.

[8] Transcript 50-52; *see also* Transcript 100- 105.

3

After a presentation of an investigative report by ODC, on July 11, 2013, the Preliminary Review Committee determined that probable cause supported a Petition for Discipline against Respondent for violations of Rules 1.15(d), 8.4(c) and 8.4(d) and offered Respondent the sanction of a two-year private probation with conditions.[9] One of the conditions was that Respondent "shall file with your 2013 and 2014 Certificates of Compliance a pre-certification of your books and records by a licensed certified public accountant reporting the status of the firm's compliance, or lack thereof, with the recordkeeping requirements of Rule 1.15 and Rule 1.15A." Respondent signed a certificate of consent that stated in part "I hereby consent to the imposition of a two-year private probation ... and accept the conditions attached to the private probation as described above."[10]

In connection with his Certificate of Compliance due February 28, 2014, Respondent asked a title insurance company with which he did business if it had an accountant who could provide the pre-certification, and understood that it did.[11] Shortly before the pre-certification was due, however, Respondent learned that the title insurance company's accountants would not be able to examine his firm's books and records.[12] ODC granted Respondent an extension to March 10, 2014 to file a pre-certification by a certified public accountant.[13] After further correspondence with ODC, on April 4, Respondent submitted a letter from a Quality Control Representative of the title insurance

---

[9] Joint Exhibit 4.

[10] Joint Exhibit 4.

[11] Joint Exhibit 18 (Affidavit ¶ 3).

[12] *Id.*

[13] Joint Exhibit 8.

company.[14] The letter did not certify that Respondent's firm's books had been maintained in compliance with Rule 1.15 and was not from a licensed certified public accountant.[15] On the same day, ODC advised Respondent that the letter did not comply with the conditions of the private probation and directed an audit by Master Sidlow.[16] Respondent did not engage a CPA to conduct an audit of his books and records because he believed Master Sidlow would conduct the audit.[17]

On December 15, 2014, Master Sidlow notified Respondent that it would audit Respondent's books and records for 2013.[18] (The record does not explain why the Master Sidlow audit that ODC requested in April did not begin until December.) On April 8, 2015, Master Sidlow submitted a report dated March 17, 2015, of an audit of Respondent's firm's books and records for the year 2013. The audit report identified several deficiencies including 41 checks outstanding for longer than six months.[19]

Respondent filed his 2015 Certificate of Compliance with the Delaware Supreme Court on March 1, 2015. It did not include a pre-certification by a licensed certified public accountant.[20] Respondent testified that when he was contacted by Master Sidlow around Thanksgiving, 2014, to schedule an audit for January 2015, he erroneously concluded that Master Sidlow would audit his firm's books and records for

---

[14] Joint Exhibit 8.

[15] Petition ¶ 12; Answer ¶ 12.

[16] Joint Exhibit 8.

[17] Transcript 63-64.

[18] Petition ¶ 14; Answer ¶ 14.

[19] Petition ¶ 16; Joint Exhibit 3.

[20] Petition ¶ 19; Answer ¶ 19.

5

2014, and believed that that would permit him to satisfy the condition of his private probation.[21] Respondent further testified that he asked Master Sidlow to audit his firm's 2014 books and records and learned in February 2015 that it could not, by which point it was too late to have a licensed CPA provide the pre-certification before its due date.[22]

On April 15, 2015, ODC advised Respondent that LFCP had reported that Respondent's firm did not maintain its financial books and records in compliance with Rule 1.15 for the year 2013, and advised Respondent that ODC had opened a new file and that it was ODC's position that Respondent had failed to comply with the conditions of his private probation and had again violated Rule 1.15.[23] On May 29, 2015, ODC wrote to Respondent advising that a formal investigation would proceed, and requesting that Respondent bring his firm's books and records into compliance with Rule 1.15 and submit a report from a certified public accountant approved by LCFP on or before September 1, 2015.[24] In July 2015, Respondent engaged an independent accounting firm, Belfint Lyons & Shuman ("Belfint Lyons").[25] On September 1, 2015, Respondent advised ODC that a team from Belfint Lyons was working on the matter, but had not completed their report. Respondent stated "I will send you the pre-certification as soon as I can, hopefully by the 21st of this month."[26] On September 3, 2015, ODC advised Respondent that it intended to present a Petition for Discipline to a Panel of this Board's

---

[21] Transcript 64-66.

[22] Transcript 65-66.

[23] Joint Exhibit 22.

[24] Joint Exhibit 9.

[25] Joint Exhibit 18 (Affidavit ¶ 6).

[26] Joint Exhibit 10.

6

Preliminary Review Committee on October 7, 2015.[27] On September 23, 2015, Respondent wrote to ODC stating that he believed his accounts were in order since April 2014, and explaining that he had asked Belfint Lyons to complete its work as soon as possible.[28] On September 24, 2015, ODC wrote to Respondent requesting that the pre-certification by a licensed certified public accountant be submitted by September 29, 2015, and stating that if the pre-certification was not received, ODC would file a Petition for Interim Suspension in the Delaware Supreme Court.[29]

On October 7, 2015, the Court held a hearing and entered an Order immediately suspending Respondent from the practice of law pending the disposition of disciplinary proceedings before the Board.[30] The Order recites that it was entered "upon receipt of sufficient evidence reflecting that [Respondent] has engaged in professional misconduct demonstrating that he poses a significant threat of substantial harm to the public and to the orderly administration of justice...." (*Id.*) A transcript or other record of this hearing was not available to the Panel.[31]

On December 15, 2015, Belfint Lyons submitted audit reports to the LCFP for the seven months ended December 31, 2012,[32] the year ended December 31, 2013,[33] and the year ended December 31, 2014.[34]

---

[27] Joint Exhibit 23.

[28] Joint Exhibit 11.

[29] Joint Exhibit 12.

[30] Joint Exhibit 13.

[31] Transcript 162.

[32] Joint Exhibit 14.

[33] Joint Exhibit 15.

At the hearing, Respondent presented affidavits from character witnesses. Dr. Bruce G. Fay has known Respondent for ten years and been his client in several matters, and states that Respondent has always handled and allocated funds properly.[35] Francis J. Jones, Jr., Esq., the Receiver for Respondent's practice, testified that he has known Respondent since 1973 and Respondent has demonstrated dedication to his clients, a thorough understanding of the law, and a complete lack of dishonesty. Mr. Jones also favorably described Respondent's public service.[36] Christopher Logullo, Esq. testified that he has known Respondent for at least ten years and has a high regard for Respondent's intellect, sensitivity to client needs, and dedication to the ideals of the Delaware Bar.

## III. STANDARD OF PROOF

ODC must prove its allegations of professional misconduct by clear and convincing evidence. Delaware Lawyers' Rules of Disciplinary Procedure 15(c) & (d).

## IV. ANALYSIS

### (a) Professional Misconduct

The Petition alleges five counts of professional misconduct.

*Count I: Delaware Lawyers' Rule of Disciplinary Procedure 7(c)*

ODC alleges that Respondent committed professional misconduct by violating Delaware Lawyers' Rule of Disciplinary Procedure Rule 7(c), which states that

---

*(cont'd from previous page)*
[34] Joint Exhibit 16.

[35] Joint Exhibit 21.

[36] Joint Exhibit 19.

it shall be grounds for discipline for a lawyer to "[v]iolate the terms of any private or public disciplinary or disability disposition." The terms of Respondent's private probation (to which he consented) unambiguously required Respondent to provide a pre-certification by a licensed certified public accountant for his 2014 and 2015 Certificates of Compliance. Respondent admits that he failed to comply with this condition of his private probation and states that he "stipulate[s] to the violation of [Rule] 7(c) as alleged in Count I of the Petition."[37] Accordingly, the Panel finds that Respondent violated Procedural Rule 7(c).

*Count II: Delaware Lawyers' Rule of Professional Conduct 1.15(d)*

ODC alleges that Respondent committed professional misconduct by violating Rule 1.15(d) by failing to maintain his firm's books and records properly in 2013.[38] Respondent admits that he did not fully comply with the relevant books and records requirements as alleged in Count II.[39] Accordingly, the Panel finds that Respondent violated Rule 1.15(d).

*Count III: Delaware Lawyers' Rule of Professional Conduct 8.4(c)*

ODC alleges that Respondent committed professional misconduct by violating Rule 8.4(c) by filing with the Supreme Court Certificates of Compliance in 2014 and 2015 each of which contained misrepresentations to the Court relating to Respondent's maintenance of his law office books and records. Respondent testified that

---

[37] Joint Exhibit 18 (Affidavit ¶ 8).

[38] Petition ¶¶ 17, 27.

[39] Joint Exhibit 18 (Affidavit ¶ 12).

he believed at the time that his representations were accurate,[40] but admits that his Certificates of Compliance contained statements that he later learned after discussions with accountants were not accurate[41] and admits that this violates Rule 8.4(c). Accordingly, the Panel finds that Respondent violated Rule 8.4(c).

*Count IV: Delaware Lawyers' Rule of Professional Conduct 8.4(d), With Respect to Certificates of Compliance*

ODC alleges that the same conduct underlying Count III (making misrepresentations in Certificates of Compliance) also establishes a violation of Rule 8.4(d), which provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice."

Respondent admits the that he filed Certificates of Compliance that contained misrepresentations, but contends that those misrepresentations were merely negligent, and argues that his conduct violating Rule 8.4(c) does not warrant a "duplicative" finding of a violation of Rule 8.4(d).[42]

"The [Court] relies upon representations made by attorneys in the Certificates filed with their annual statements each year in the administration of justice governing the practice of law in Delaware." *In re Wilson*, 886 A.2d 1279, 2005 WL 3485738 at *9 (Del. 2005) (TABLE). An attorney violates Rule 8.4(d) by filing an inaccurate certification with the Court with respect compliance with Rule 1.15. *Id.*

---

[40] Transcript 42 *et seq.*

[41] Transcript 49-50, 52-53, 57.

[42] Joint Exhibit 18 (Affidavit ¶ 14).

Accordingly, the Panel finds that Respondent violated Rule 8.4(d) by filing Certificates of Complaint with the Supreme Court in 2014 and 2015 that contained misrepresentations.

*Count V: Delaware Lawyers' Rule of Professional Conduct 8.4(d), With Respect to Violating Terms of Private Probation*

Finally, ODC alleges that the same conduct underlying Count I (violation of the terms of a disciplinary disposition) also establishes a violation of Rule 8.4(d), which provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." Respondent admits that he did not comply with the conditions of his private probation, but argues that this conduct does not warrant a "duplicative" finding of a violation of Rule 8.4(d) as "conduct prejudicial to the administration of justice."

ODC contends that Respondent's failure to comply with the conditions of his private probation led to substantial efforts by ODC to obtain compliance and ultimately to Respondent's interim suspension, which led in turn to the appointment of a receiver for Respondent's practice, Francis J. Jones, Jr., Esquire.[43] The record demonstrates that. However, it is not apparent whether or how these things prejudiced the administration of justice. ODC did not present any evidence that its efforts with respect to Respondent impaired its ability to perform its function as an arm of the Court, or otherwise prejudiced the administration of justice. Moreover, Mr. Jones states in his affidavit that Respondent has assisted in every way requested and cooperated fully,

---

[43] Transcript 14-15, 106-07, 130-31.

11

involving a significant amount of time from Respondent, and that he found Respondent's case files to be in good order.[44] ODC did not offer, and the Panel has not identified, any precedent in which a violation of the terms of a private probation was held also to violate Rule 8.4(d). The Panel notes that *In re Martin*, 35 A.3d 419 (Del. 2011) (TABLE) also involved a violation of the terms of a private admonition by failing to provide a pre-certification in connection with a certificate of compliance, and it appears that ODC did not allege in *In re Martin* that that conduct also violated Rule 8.4(d).

It is clear and admitted that Respondent violated the terms of his private probation. However, the Panel finds that ODC has not proven by clear and convincing evidence that Respondent's violation of the terms of his private probation was prejudicial to the administration of justice, and therefore finds no violation of Rule 8.4(d) on this count.

### (b)    Sanction

ODC contends that the appropriate sanction is a public reprimand and a three-year probation with conditions upon Respondent's return to practice. ODC concedes that continued suspension is not warranted so long as appropriate conditions are imposed during a period of probation.[45]

Respondent concedes that a public reprimand and probation with conditions are appropriate and consistent with this Court's precedent in similar cases.[46]

---

[44] Joint Exhibit 19 at ¶ 4.

[45] Transcript 157-58.

[46] Transcript 148.

12

"The objectives of the lawyer disciplinary system are to protect the public, to protect the administration of justice, to preserve confidence in the legal profession, and to deter other lawyers from similar misconduct." *In re Bailey*, 821 A.2d 851, 866 (Del. 2003). "[T]he Court looks to the ABA Standards for Imposing Lawyer Sanctions as a model for determining the appropriate discipline warranted under the circumstances of each case." *Id.*

"The ABA framework consists of four key factors to be considered by the Court: (a) the ethical duty violated; (b) the lawyer's mental state; (c) the extent of the actual or potential injury caused by the lawyer's misconduct; and (d) aggravating and mitigating factors." *Id.*

### (i) Ethical Duty Violated

As discussed above, the Panel finds by clear and convincing evidence that Respondent violated Delaware Lawyers' Rule of Disciplinary Procedure 7(c) and Rules of Professional Conduct 1.15(d), 8.4(c) and 8.4(d).

### (ii) Respondent's Mental State

ODC contends that Respondent's mental state is "knowledge."[47] Under the ABA Standards, "knowledge" is the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result. The Panel concludes that with respect to Counts II, III and IV (that is, those counts based on the sufficiency or insufficiency of Respondent's firm's financial books and records and his statements concerning their sufficiency), ODC has

---

[47] Transcript 133-135.

13

not proven by clear and convincing evidence that Respondent had any state of mind more culpable than negligence. At the hearing, Respondent credibly explained that he believed at the time that his firm's books and records were compliant. However, ODC has proven by clear and convincing evidence that Respondent failed to exercise the care that a reasonable lawyer would exercise in the circumstances and was therefore negligent in the handling of his firm's financial books and records.

With respect to Count I (violating the terms of his private probation), ODC has proven by clear and convincing evidence that Respondent's state of mind was "knowledge." Although it may be that the state of mind associated with the behavior by Respondent that led to his inability to comply with the conditions of his private probation was merely negligence, certainly Respondent knew when he filed the Certificates of Compliance that the certificates did not comply with the conditions of his private probation because they did not include a pre-certification by a licensed CPA.

(iii)    Extent of Actual or Potential Injury

ODC does not allege and has not proven any actual injury to any client or member of the public; however, failure to maintain adequate firm books and records can create the potential for injury. "[A] lawyer's duty to maintain proper books and records exists for the purpose of protecting not only the lawyer but the lawyer's clients, and the failure to fulfill that duty presents serious risks to the lawyer's clients, even if no actual harm results." *In re Benson*, 774 A.2d 258, 262-63 (Del. 2001); *see also In re Bailey*, 821 A.2d 851, 866 (Del. 2003).

(iv)    Aggravating and Mitigating Factors

14

ABA Standards Section 9.1 provides that aggravating (Section 9.22) and mitigating (Section 9.32) circumstances should be considered to increase or decrease the degree of discipline imposed. *In re Bailey*, 821 A.2d 851, 866 (Del. 2003).

Respondent's substantial experience in the practice of law is an aggravating factor. In addition, his failure to comply with the terms of his private probation, to which he consented, and failure to address the bookkeeping and accounting issues that led to the private probation in the first place, evidence a pattern of misconduct that is also an aggravating factor. The Panel finds that ODC has not demonstrated that any other aggravating factor is present.

In mitigation, there is no evidence that Respondent acted with a dishonest or selfish motive. Respondent has also made full and free disclosure to the Panel and demonstrated a cooperative attitude toward the proceedings. Respondent has submitted favorable and undisputed evidence of character and reputation, which the ODC concedes.[48] Respondent has also demonstrated remorse. The Panel finds that each of these mitigating factors is present, and counterbalance the aggravating factors.

Under ABA Standard 7.3, a reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system. Moreover, in *In re Witherell*, 998 A.2d 852 (Del. 2010), the Court imposed a public reprimand and period of probation even though the respondent was found to have acted with "knowledge" of failure to maintain financial books and records. A public sanction serves the purpose of providing notice to the legal community and the public that

---

[48] Transcript 138.

15

violations with respect to the maintenance of proper financial books and records will be dealt with appropriately. As both ODC and Respondent agree, a public sanction in this case is consistent with the Court's precedent in similar matters. *See In re Witherell*, 998 A.2d 852 (Del. 2010) (listing cases).

## V. CONCLUSION

Upon consideration of the foregoing, the Panel recommends that Respondent be publicly reprimanded for violation of Delaware Lawyers' Rule of Disciplinary Procedure 7(c) and Rules of Professional Conduct 1.15, 8.4(c) and 8.4(d). The Panel further recommends that Respondent's interim suspension be lifted immediately and that Respondent be reinstated to practice with a three-year period of public probation subject to the following conditions:

(a) Within 60 days after the last day of each of the following periods (the "Reporting Periods"): (i) the calendar quarter (*e.g.*, January through March) in which Respondent's interim suspension is lifted; (ii) each subsequent calendar quarter in the year in which Respondent's interim suspension is lifted; (iii) the first six months of the year following the year in which Respondent's interim suspension is lifted; (iv) the last six months of that year; and (iv) the year thereafter,

Respondent shall cause to be filed with ODC *either* (x) a certificate that he was not the managing partner of any law firm during the Reporting Period just concluded; *or* (y) an affidavit by a licensed certified public accountant in a form reasonably satisfactory to ODC that his firm's practice books, records and bank accounts have been maintained in compliance with Rule 1.15 during the Reporting Period just concluded.

16

(b) Respondent will fully cooperate with the performance of any audit of his law firm's practice books and records by an auditor for Lawyers' Fund for Client Protection;

(c) Pursuant to Procedural Rule 27, Respondent shall pay ODC's costs in this disciplinary matter promptly upon the presentation of a statement of costs by ODC. Respondent shall also pay the costs of the audits performed by Master Sidlow.

17